IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00929-BNB

JEREMY KANE POTTER,

Plaintiff,

v.

ARISTEDES ZAVARAS, Director, C.D.O.C.,
CORRECTIONAL OFFICER JOHN DOE # 1, and
CORRECTIONAL OFFICER JOHN DOE # 2,

Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 20 2010

GREGORY C. LANGHAM
CLERK

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Jeremy Kane Potter, is in the custody of the Colorado Department of Corrections (DOC) and is currently incarcerated at the Cheyenne Mountain Re-Entry Center in Colorado Springs, Colorado. He initiated this action by filing a *pro se* Prisoner Complaint pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1343 on April 26, 2010.

The Court must construe the Complaint liberally because Plaintiff is not represented by an attorney. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the Complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not act as an advocate for a *pro se* litigant. *See id.* Under Section 1983, a plaintiff must allege that

the defendants have violated his or her rights under the United States Constitution while the defendants acted under color of state law. For the reasons stated below, Mr. Potter will be directed to file an amended complaint.

Mr. Potter asserts three claims. First, he alleges that Defendant Correctional Officer John Doe # 1 failed to intervene in a large fight between prison inmates, during which Mr. Potter sustained a major jaw injury. In his second claim, Mr. Potter alleges that Defendant Correctional Officer John Doe # 2 failed to respond in a timely manner to the same prison fight during which Mr. Potter sustained injury. In his third claim, Mr. Potter alleges that unnamed prison officials on the medical staff failed to treat his jaw injuries until three to four hours after they were sustained. Mr. Potter alleges that this treatment violated his right to be free from cruel and unusual punishment pursuant to the Eighth Amendment. Nonetheless, he fails to assert how each named Defendant violated his constitutional rights.

Personal participation by the named defendants is an essential allegation in a civil rights action. **See Bennett v. Passic**, 545 F.2d 1260, 1262-63 (10th Cir. 1976). *Id.* Mr. Potter must show that each defendant caused the deprivation of a federal right. **See Kentucky v. Graham**, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. **See Butler v. City of Norman**, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant, such as Executive Director Aristedes Zavaras, may not be held liable merely because of his or her supervisory position. **See Pembaur v. City of Cincinnati**, 475 U.S. 469, 479 (1986); **McKee v. Heggy**, 703 F.2d 479, 483 (10th Cir. 1983).

Mr. Potter fails to assert how Defendants personally participated in the alleged constitutional violations. Further, his third claim is not asserted against any named Defendant. Therefore, he will be directed to file an Amended Complaint that alleges how all named Defendants personally participated in the alleged constitutional violations. The Amended "[C]omplaint must explain what each defendant did to him . . . ; when the defendant did it; how the defendant's action harmed him . . . ; and, what specific legal right [he] believes the defendant violated." ***Nasious v. Two Unknown B.I.C.E. Agents***, 492 F.3d 1158, 1163 (10th Cir. 2007).

Mr. Potter may use fictitious names, such as Jane or John Doe, if he does not know the real names of the individuals who allegedly violated his rights. However, if Mr. Potter uses fictitious names he must provide sufficient information about each defendant so that each defendant can be identified for purposes of service. Accordingly, it is

ORDERED that Plaintiff, Jeremy Kane Potter, file **within thirty (30) days from the date of this order** an amended complaint that complies with the directives in this order. It is

FURTHER ORDERED that it shall be titled "Amended Prisoner Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Potter, together with a copy of this order, two copies of the following form to be used in submitting the amended complaint: Prisoner Complaint. It is

FURTHER ORDERED that, if Mr. Potter fails to file an amended complaint that complies with this order to the Court's satisfaction within the time allowed, the complaint and the action will be dismissed without further notice.

DATED May 20, 2010, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-00929-BNB

Jeremy Kane Potter
Prisoner No. 147946
CMRC
2925 East Las Vegas St.
Colorado Springs, CO 80906

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on 5/20/10

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk