IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00929-BNB

JEREMY KANE POTTER,

    Plaintiff,

v.

COLORADO DEPARTMENT OF CORRECTIONS,
DAMION WRIGHT,
JOHN AND JANE DOE OF DRDC MEDICAL DEPARTMENT,
CORRECTIONAL OFFICER JOHN DOE # 1, and
CORRECTIONAL OFFICER JOHN DOE # 2,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 09 2010

GREGORY C. LANGHAM
CLERK

---

ORDER TO DISMISS IN PART AND TO DRAW CASE
TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

---

Plaintiff, Jeremy Kane Potter, is a prisoner in the custody of the Colorado Department of Corrections (DOC) and is currently incarcerated at the Cheyenne Mountain Re-Entry Center in Colorado Springs, Colorado. Mr. Potter initiated this action by filing a *pro se* prisoner complaint. He has been granted leave to proceed *in forma pauperis*.

On May 20, 2010, Magistrate Judge Boyd N. Boland ordered Mr. Potter to file an amended complaint that alleged the personal participation of each named Defendant. On June 9, 2010, Mr. Potter filed an amended prisoner complaint. In the amended complaint, Mr. Potter asserts constitutional claims pursuant to 42 U.S.C. § 1983 and he asserts supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367. He seeks damages and injunctive relief.

The Court must construe the amended complaint liberally because Mr. Potter is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the amended complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not be an advocate for a *pro se* litigant. *See id.*

Pursuant to 28 U.S.C. § 1915A, the Court is required to review the amended complaint because Mr. Potter is a prisoner and he is seeking redress from officers or employees of a governmental entity. Pursuant to § 1915A(b)(2), the Court is required to dismiss the amended complaint, or any portion of the amended complaint, that seeks monetary relief from a defendant who is immune from such relief. For the reasons stated below, the Court will dismiss the amended complaint in part pursuant to § 1915A(b)(2).

Mr. Potter's claims in this action arise out of his contention that he was assaulted by Defendant inmate Damion Wright on January 5, 2010. Mr. Potter alleges that he suffered a broken jaw and several broken teeth due to the assault. Mr. Potter contends that Defendants Correctional Officers John Doe # 1 and John Doe # 2 witnessed the assault, but failed to protect him. He further alleges that, after the assault, Defendant John Doe # 1 placed him in a segregation cell for over two hours, and that he did not receive any medical attention during this time. Finally, he alleges that, after two hours,

Defendants John and Jane Doe came to the segregation unit to see his injuries, but delayed treatment of his serious injuries for another two to four hours. Mr. Potter alleges that this treatment violated his Eight Amendment right to be free from cruel and unusual punishment.

In his fourth claim for relief, Mr. Potter alleges that the Colorado Department of Corrections failed to protect him from assault by Defendant Wright. However, Mr. Potter may not sue the DOC in this action. The DOC, which is an agency of the State of Colorado, *see* Colo. Rev. Stat. § 24-1-128.5, is protected by Eleventh Amendment immunity. **See Will v. Michigan Dep't of State Police**, 491 U.S. 58, 66 (1989). Therefore, the DOC is immune from suit unless the State of Colorado has made an express waiver of its Eleventh Amendment immunity and consented to suit in federal court or Congress has abrogated Eleventh Amendment immunity. **See Ellis v. Univ. of Kan. Med. Ctr.**, 163 F.3d 1186, 1195-96 (10th Cir. 1998). For the state and its agencies, Eleventh Amendment immunity extends to suits for damages and injunctive relief. *See id.* at 1196.

The State of Colorado has not waived its Eleventh Amendment immunity. **See Griess v. Colorado**, 841 F.2d 1042, 1044-45 (10th Cir. 1988). Furthermore, congressional enactment of 42 U.S.C. § 1983 did not abrogate Eleventh Amendment immunity. **See Quern v. Jordan**, 440 U.S. 332, 340-345 (1979). Therefore, the DOC is entitled to Eleventh Amendment immunity and will be dismissed as a party to this action pursuant to § 1915A(b)(2). Because Mr. Potter's fourth claim is asserted only against the DOC, this claim will also be dismissed.

In his fifth claim for relief, Mr. Potter asserts that Defendant inmate Wright violated his Eighth Amendment right by assaulting him. With respect to this claim, § 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." **Conn v. Gabbert**, 526 U.S. 286, 290 (1999). "[T]he purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails." **Wyatt v. Cole**, 504 U.S. 158, 161 (1992). "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." **American Mfrs. Mut. Ins. Co. v. Sullivan**, 526 U.S. 40, 50 (1999) (internal quotation marks omitted). The only proper defendants in a § 1983 action are those who "'represent [the state] in some capacity, whether they act in accordance with their authority or misuse it.'" **NCAA v. Tarkanian**, 488 U.S. 179, 191 (1988) (quoting **Monroe v. Pape**, 365 U.S. 167, 172 (1961)).

In order to satisfy the under-color-of-state-law element, Mr. Potter must show that he was deprived of a federal right through conduct that is "fairly attributable to the State." **Lugar v. Edmondson Oil Co.**, 457 U.S. 922, 937 (1982). In other words,

> the party charged with the deprivation must be a person who may fairly be said to be a state actor . . . because he is a state official, because he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State.

*Id.*

Mr. Potter states in his Amended Complaint that Defendant Wright is an inmate in the custody of the DOC. Amended Complaint at 3. Mr. Potter fails to allege in his

4

Amended Complaint that Defendant Wright was acting under color of state law. *Id.* Moreover, the fact that Mr. Potter was allegedly assaulted by Defendant Wright does not demonstrate that he was subjected to cruel and unusual punishment by a person acting under color of state law. Therefore, because Mr. Potter fails to allege facts that demonstrate Defendant Wright was acting under color of state law, the constitutional claim against Defendant Wright brought pursuant to § 1983 lacks merit lacks merit and must be dismissed.

Finally, in claims nine, ten, and eleven, Mr. Potter asserts state law claims of negligence, assault and battery against the DOC and Defendant Wright. Mr. Potter requests that the Court exercise its supplemental jurisdiction to consider these state law claims. However, pursuant to 28 U.S.C. § 1367(c), a district court may decline to exercise its supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction. Because the Court has determined that it lacks original jurisdiction under 42 U.S.C. § 1983 against all claims stated against Defendants DOC and Wright, the Court declines to exercise its supplemental jurisdiction to consider Plaintiff's state law claims against these Defendants. Therefore, claims nine, ten and eleven will also be dismissed.

The Court will not address at this time the merits of Mr. Potter's constitutional and state law claims against the remaining Defendants. Instead, this action will be drawn to a district judge and to a magistrate judge. Accordingly, it is

ORDERED that the Colorado Department of Corrections is dismissed as a party to this action pursuant to 28 U.S.C. § 1915A(b)(2). It is

FURTHER ORDERED that Defendant Damion Wright is dismissed as a party to this action for the reasons stated in this order. It is

FURTHER ORDERED that Claims Four, Five, Nine, Ten and Eleven are dismissed for the reasons stated in this order. It is

FURTHER ORDERED that this case shall be drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this __9th__ day of __July__, 2010.

BY THE COURT:

_Christine M. Arguello_
CHRISTINE M. ARGUELLO
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-00929-BNB

Jeremy Kane Potter
Prisoner No. 147946
CMRC
2925 East Las Vegas St.
Colorado Springs, CO 80906

     I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 7/9/10

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk