IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 10–cv–00929–PAB–KMT

JEREMY KANE POTTER,

      Plaintiff,

v.

JOHN AND JANE DOE OF DRDC MEDICAL DEPARTMENT,
CORRECTIONAL OFFICER JOHN DOE # 1, and
CORRECTIONAL OFFICER JOHN DOE # 2,

      Defendants.

_____

## ORDER

_____

      This matter is before the court on Plaintiff's "Motion to Reconsider Order to Dismiss in

Part" (Doc. No. 17 ["Mot."], filed July 29, 2010).

      Plaintiff seeks reconsideration of Senior District Judge Zita L. Weinshienk's Order of

July 9, 2010, dismissing Plaintiff's fourth and eleventh claims for relief. (Mot.) "The Federal

Rules of Civil Procedure do not recognize a 'motion to reconsider.' Instead the rules allow a

litigant subject to an adverse judgment to file either a motion to alter or amend the judgment

pursuant to Fed. R. Civ. P. 59(e), or a motion seeking relief from the judgment pursuant to Fed.

R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). Fed. R.

Civ. P. 59(e) will govern when the motion for reconsideration is filed within ten days of the

judgment, and Fed. R. Civ. P. 60(b) will govern all other motions. *Id.* Plaintiff filed his Motion

on July 29, 2010, twenty days after Judge Weinshienk's Order.  As such, Plaintiff's Motion must be construed as one pursuant to Rule 60(b).

Relief under Rule 60(b) is extraordinary and may only be granted in exceptional circumstances.  *Ackermann v. United States*, 340 U.S. 193, 199 (1950); *Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co., Inc.*, 909 F.2d 1437, 1440 (10th Cir. 1990).  Parties seeking relief under Rule 60(b) must overcome a high hurdle because such a motion is not a substitute for an appeal.  *Bud Brooks*, 909 F.2d at 1440.  Whether to grant a Rule 60(b) motion rests within the court's discretion.  *See Beugler v. Burlington N. & Santa Fe Ry. Co.*, 490 F.3d 1224, 1229 (10th Cir. 2007).

There are three possible grounds which warrant reconsideration: (1) an intervening change in the controlling law; (2) new evidence which was previously unavailable; or (3) the need to correct clear error or prevent manifest injustice.  *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citing *Brumark Corp v. Samson Resources Corp.*, 57 F.3d 941, 948 (10th Cir. 1995)).  In considering whether there is clear error or manifest injustice, a court may reconsider its prior ruling if it has misapprehended the facts or a party's position, but it is not appropriate to revisit issues that have previously been addressed or for a party to advance arguments that could have been raised previously.  *Id.*

Judge Weinshienk dismissed Claim Four, asserted against the Colorado Department of Corrections ("DOC") only, because the DOC is entitled to Eleventh Amendment immunity. (Doc. No. 11 at 3.)  Judge Weinshienk declined to exercise supplemental jurisdiction to consider Claim Eleven, asserting a state law claim of negligence against the DOC and Defendant Wright,

because this Court lacks original jurisdiction under 42 U.S.C. § 1983 against all claims stated against Defendants DOC and Wright.

As to Claim Four, Plaintiff agrees that he cannot name the DOC, but he asserts that he "intended to include[ ] the entity of Colorado Department of Corrections through the defendants John Doe #1, John Doe #2, and John and Jane Doe of DRDC medical department by suing them in their official capacities for injunctive relief and declaratory relief in conjunction to damages relief in these defendant individual capacities." (Mot. at 2.)  With regard to Claim Eleven, Plaintiff states, "If this court authorizes the suit against the remaining defendants in their official capacities for injunctive and declaratory relief, then [Plaintiff] requests that this court accept supplemental jurisdiction over claim eleven" so as to "eliminate duplicative suits and litigation" in the state court.  (Mot. at 2–3.)  However, Judge Weinshienk did not dismiss any of Plaintiff's claims against the John or Jane Doe defendants, sued in their individual or official capacities, and Plaintiff's Claim Four clearly was asserted against the DOC only.  (*See* Doc. Nos. 8, 11.)

In his Motion, Plaintiff fails to present any evidence or argument that there has been a change in the controlling law, nor does he identify a specific error in the Court's prior rulings that should be corrected to prevent manifest injustice.  As such, Plaintiff has not demonstrated an entitlement to relief under Rule 60(b).

Therefore, it is

**ORDERED** that Plaintiff's "Motion to Reconsider Order to Dismiss in Part" (Doc. No.

17) is **DENIED**.

Dated this 9th day of August, 2010.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge