IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 10–cv–00929–PAB–KMT

JEREMY KANE POTTER,

    Plaintiff,

v.

JOHN AND JANE DOE OF DRDC MEDICAL DEPARTMENT,
CORRECTIONAL OFFICER JOHN DOE # 1, and
CORRECTIONAL OFFICER JOHN DOE # 2,

    Defendants.

## ORDER

This matter is before the court on Plaintiff's "Motion to Amend Complaint" (Doc. No. 27) and "Plaintiff's "Motion to Direct Process of Service and Service Instructions" (Doc. No. 28) filed November 29, 2010.

On June 9, 2010, Plaintiff filed his Amended Complaint, naming Defendants Colorado Department of Corrections, Damion Wright, and various John and Jane Does.  (Doc. No. 8.)  On July 9, 2010, Senior District Judge Zita L. Weinshienk entered an Order dismissing the claims against the Colorado Department of Corrections and Damion Wright and Claims Four, Five, Nine, Ten, and Eleven of Plaintiff's Amended Complaint.  (Doc. No. 11.)  Plaintiff has been granted leave to proceed pursuant to 28 U.S.C. § 1915.  (Doc. No. 2.)  On July 15, 2010, District Judge Philip A. Brimmer entered an Order Granting Service by United States Marshal.  (Doc.

No. 14.) However, service has not been effected on the John and Jane Doe defendants. (*See* Doc. No. 16.)

On November 15, 2010, this court entered an Order to Show Cause why this action should not be dismissed without prejudice pursuant to Fed. R. Civ. P. 4(m) for lack of service on the defendants. (Doc. No. 26.) In response, Plaintiff now seeks to amend his complaint to assert claims against three named defendants in addition to the John Doe defendants previously named in his complaint. (Doc. No. 27.)

Pursuant to Fed. R. Civ. P. 15(a), "[t]he court should freely give leave (to amend the pleadings) when justice so requires." *See also York v. Cherry Creek Sch. Dist. No. 5,* 232 F.R.D. 648, 649 (D. Colo. 2005); *Aspen Orthopaedics & Sports Medicine, LLC v. Aspen Valley Hosp. Dist.,* 353 F.3d 832, 842 (10th Cir. 2003). The Supreme Court has explained the circumstances under which denial of leave to amend is appropriate.

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be "freely given." Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Foman v. Davis*, 371 U.S. 178, 182 (1962). *See also Triplett v. LeFlore County, Okl.*, 712 F.2d 444, 446 (10th Cir. 1983).

As no defendant has been served in this matter, no scheduling conference has taken place. Thus, the case is still in the early stages of litigation. The court finds no undue delay, bad faith or dilatory motive, undue prejudice, or futility. As such, it is

**ORDERED**

1. Plaintiff's "Motion to Amend Complaint" (Doc. No. 27) is GRANTED. The Clerk of Court shall file Plaintiff's "Second Amended Civil Rights Complaint pursuant to 42 U.S.C. § 1983" (Doc. No. 27-1).

2. "Plaintiff's "Motion to Direct Process of Service and Service Instructions" (Doc. No. 28) is GRANTED. The court will issue a separate order granting service by the United States Marshal Service on the named defendants.

3. The Order to Show Cause (Doc. No. 26) is DISCHARGED.

Dated this 15th day of December, 2010.

BY THE COURT:

Kathleen M Tafoya
United States Magistrate Judge