IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10–cv–00929–WJM–KMT

JEREMY KANE POTTER,

    Plaintiff,

v.

C/O JOHN DOE #1, OF DRDC, in his personal capacity,
C/O JOHN DOE #2, OF DRDC, in his personal capacity,
NURSE JANE DOE, OF DRDC, in her personal capacity,
SERGEANT JOHN DOE, OF DRDC, in his personal capacity,
LIEUTENANT JOHN DOE, OF DRDC, in his personal capacity,
DOCTOR SING, OF DRDC, in his personal capacity,
NURSE APRIL D. CALDWELL, OF CMRC, in her personal and/or official capacity,
DENTIST CUNNINGHAM, OF CMRC, in his personal and/or official capacity,

    Defendants.
_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**Magistrate Judge Kathleen M. Tafoya**

    This case comes before the court on Defendant Gagandeep Singh's[1] "Motion to Dismiss"

(Doc. No. 48 [Mot.], filed February 18, 2011). Plaintiff filed his response on March 10, 2011.

(Doc. No. 60 [Resp.].) The motion is ripe for the court's ruling and recommendation.

### *I.*    *STATEMENT OF THE CASE*

    The following facts are taken from Plaintiff's Complaint and the parties' submissions

with respect to this Recommendation. Plaintiff alleges on January 5, 2010, while he was an

---

[1] Plaintiff misspells Defendant's name as "Sing." The court, hereafter, will refer to the defendant with the correct spellings of "Singh."

inmate at the Denver Receiving and Diagnostic Center (DRDC), he was exiting the chow hall when an altercation broke out, and Plaintiff was attacked by another inmate. (Compl. at 4, ¶¶ 14.) Plaintiff alleges his jaw was shattered and dislocated. (*Id.*, ¶ 21.) Plaintiff alleges he received first aid in the DRDC infirmary and was later provided extensive reconstructive surgery at Denver Health Medical Center. (*Id.*, ¶ 20.) Plaintiff contends Denver Health Medical Center ordered a specific anti-bacterial solution to be used post-surgery while Plaintiff's mouth was wired shut, but Defendant Singh "failed to provide the anti-bacterial rinse." (*Id.*, ¶ 22–23.) Plaintiff alleges that five days after his initial surgery, Denver Health Medical Center "contacted DRDC Medical and . . . determined [Plaintiff's] mouth had succumbed to bacterial infection (thrush)." (*Id.*, ¶ 24.) Plaintiff contends that DRDC was ordered to cut the wires on Plaintiff's jaw and to transport Plaintiff to Denver Health Medical Center within two days. (*Id.*, ¶ 24.) Plaintiff states he was not transported until approximately seven days later. (*Id.*, ¶ 25.) Plaintiff's Complaint is silent about whether the wires on his jaw were cut either before or after his eventual transport back to Denver Health Medical Center. Plaintiff alleges Defendant Singh's inactions caused improper healing and permanent disrepair, and that Plaintiff will never be able to regain full range of motion or alignment of his teeth. (*Id.*, ¶ 26.) Plaintiff contends several of his teeth are decaying, his jaw frequently "attempts to seize," he must sleep with a mouthpiece, and he will be "plagued with pain and continued regression of his jaw's alignment." (*Id.*, ¶ 31.)

In Claim III, Plaintiff alleges a claim under 42 U.S.C. § 1983 that Defendant Singh violated his Eighth Amendment rights by failing to abide by the orders of Denver Health

Medical Center and failing to provide necessary medical care. (*See id.* at 7.) Plaintiff seeks declaratory relief, compensatory damages, and punitive damages. (*Id.*, ¶¶ V.A, V.G., V.H.)

Defendant Singh seeks dismissal on the bases that (1) Plaintiff has failed to state an Eighth Amendment claim upon which relief can be granted, and (2) Defendant Singh is entitled to qualified immunity. (*See* Mot.)

## II. LEGAL STANDARDS

### A. Pro Se *Plaintiff*

Plaintiff is proceeding *pro se.* The court, therefore, "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted). *See also Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (holding allegations of a *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers"). However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). *See also Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any

discussion of those issues"). The plaintiff's *pro se* status does not entitle him to application of different rules. *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

### B.     *Failure to State a Claim Upon Which Relief Can Be Granted*

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6) (2007). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted).

"A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1198 (10th Cir. 1991). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pled facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The *Iqbal* evaluation requires two prongs of analysis. First, the court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusion, bare assertions, or merely conclusory. *Id*. at 1949–51. Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id*. at 1951. If the

allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id*. at 1950.

Notwithstanding, the court need not accept conclusory allegations without supporting factual averments. *Southern Disposal, Inc., v. Texas Waste Mgmt.*, 161 F.3d 1259, 1262 (10th Cir. 1998). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1940. Moreover, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* at 1949 (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Iqbal*,129 S. Ct. at 1949 (citation omitted).

### III.   ANALYSIS

#### A.   *Eighth Amendment Claim*

The Eighth Amendment's ban on cruel and unusual punishment is violated if a defendant's "deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain." *Self v. Crum*, 439 F.3d 1227, 1230 (10th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). To establish a claim for deliberate indifference, a plaintiff must first prove that, objectively, his medical need is "sufficiently serious." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is sufficiently serious

"if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir. 1999) (citation omitted). Second, the plaintiff must prove that, subjectively, the prison official "kn[ew] of and disregard[ed] an excessive risk to inmate health and safety." *Farmer*, 511 U.S. at 837. That is, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.*

A delay in medical treatment may form the basis for an Eighth Amendment claim; however, the delay must, in itself, "reflect deliberate indifference which results in substantial harm." *Olson v. Stotts*, 9 F.3d 1475, 1477 (10th Cir. 1993). "Substantial harm" requires a showing that the delay resulted in "lifelong handicap, permanent loss, or considerable pain," while "deliberate indifference" is shown by facts indicating the prison officials were aware of facts from which they could infer that the delay in treatment would cause a substantial risk of serious harm and that they did, in fact, draw that inference. *Garrett v. Stratman*, 254 F.3d 946, 949–50 (10th Cir. 2001).

### 1. *Objective Element*

Defendant Singh does not argue that Plaintiff's medical need was not sufficiently serious; rather, he argues only that Plaintiff has failed to meet the subjective component required to state an Eighth Amendment claim for deliberate indifference. Nevertheless, this court finds that Plaintiff has alleged a "sufficiently serious" medical need that was diagnosed as mandating

treatment.  *Hunt*, 199 F.3d at 1224.  Additionally, Plaintiff has alleged that the delayed treatment has caused him improper healing and permanent damage.  (*See* Compl., ¶¶ 26, 31.)

### 2. *Deliberate Indifference*

To meet the subjective element of a deliberate indifference claim, plaintiff must show that the defendant had a "culpable state of mind" and knew of and disregarded "an excessive risk to inmate health or safety."  *Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005) (quoting *Farmer*, 511 U.S. at 837)).  "Deliberate indifference is 'something approaching a total unconcern for [the plaintiff's] welfare in the face of serious risks, or a conscious, culpable refusal to prevent harm." *Dual v. Lane*, 959 F.2d 673, 577 (7th Cir. 1992).  Plaintiff alleges only that Defendant Singh, a medical doctor, "failed to provide the anti-bacterial rinse" ordered by Denver Health Medical Center after Plaintiff's major reconstructive surgery and that, as a result, Plaintiff "succumbed to bacterial infection."  (*Id.*, ¶ 23–24.)  However, the remainder of Plaintiff's Complaint makes no further factual allegations against Defendant Singh.  Although Plaintiff states he was not transported to Denver Health Medical Center until seven days after the DRDC was contacted about Plaintiff's bacterial infection, there is no allegation or inference that Defendant Singh had any control or input into the transport decision.  Additionally, there is no indication or allegation that Plaintiff's ensuing thrush infection was the cause of any of Plaintiff's damages.  In fact, the allegations state that further surgery on Plaintiff's jaw was contemplated.  (*Id.*, ¶ 22.)

At best, Plaintiff alleges facts to state a claim that Defendant negligently failed to provide the anti-bacterial rinse, which resulted in a thrush infection post-surgery.  However, "negligent failure to provide adequate medical care, even one constituting medical malpractice, does not

give rise to a constitutional violation." *Perkins v. Kan. Dep'tt of Corrs.*, 165 F.3d 803, 811 (10th Cir. 1999); *see also Estelle*, 429 U.S. at 105–06 (holding that "an inadvertent failure to provide adequate medical care cannot be said to constitute 'an unnecessary and wanton infliction of pain' " (citation omitted)). "It is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause." *Whitley v. Albers*, 475 U.S. 312, 319 (1986).

Because the plaintiff has failed to satisfy the subjective component required to assert an Eighth Amendment deliberate indifference claim, Plaintiff's Eighth Amendment claim against Defendant Singh is properly dismissed.

### B.     *Qualified Immunity*

Defendant also argues that, to the extent Plaintiff is suing Defendant Singh in his individual capacity under § 1983, Defendant Singh is entitled to qualified immunity. Whether Defendant Singh is entitled to qualified immunity is a legal question. *Wilder v. Turner*, 490 F.3d 810, 813 (10th Cir. 2007).

> Resolution of a dispositive motion based on qualified immunity involves a two-pronged inquiry. First, a court must decide whether the facts that a plaintiff has alleged or shown make out a violation of a constitutional right. Second, . . . the court must decide whether the right at issue was clearly established at the time of the defendant's alleged misconduct. With regard to this second [prong], the relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful under the circumstances presented.

*Herrera v. City of Albuquerque,* 589 F.3d 1064, 1070 (10th Cir. 2009) (internal quotation marks and citations omitted). "A reviewing court may exercise [its] sound discretion in deciding which

of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Id.* "Qualified immunity is applicable unless" the plaintiff can satisfy both prongs of the inquiry. *Id.* Having concluded above that Plaintiff's Eighth Amendment claim against Defendant Singh should be dismissed, this court also finds that Defendant Singh is entitled to qualified immunity.

WHEREFORE, for the foregoing reasons, the court respectfully

RECOMMENDS  Defendant Singh's[2] "Motion to Dismiss" (Doc. No. 48 ) be GRANTED, and the claims against Defendant Singh be dismissed with prejudice.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).  A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review.  "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's

---

[2] Plaintiff misspells Defendant's name as "Sing."  The court, hereafter, will refer to the defendant with the correct spellings of "Singh."

proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule");  *One Parcel of Real Prop.*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review);  *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 15th day of April, 2011.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge