IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10–cv–00929–WJM–KMT

JEREMY KANE POTTER,

     Plaintiff,

v.

C/O JOHN DOE #1, OF DRDC, in his personal capacity,
C/O JOHN DOE #2, OF DRDC, in his personal capacity,
NURSE JANE DOE, OF DRDC, in her personal capacity,
SERGEANT JOHN DOE, OF DRDC, in his personal capacity,
LIEUTENANT JOHN DOE, OF DRDC, in his personal capacity,
NURSE APRIL D. CALDWELL, OF CMRC, in her personal and/or official capacity,
DENTIST CUNNINGHAM, OF CMRC, in his personal and/or official capacity,

     Defendants.

_____

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

_____

**Magistrate Judge Kathleen M. Tafoya**

     This case comes before the court on "Defendant Dentist Cunningham's Amended Motion to Dismiss" (Doc. No. 79 [Cunningham's Mot.], filed June 6, 2011), to which Plaintiff responded (Doc. No. 84 [Resp. Cunningham's Mot.], filed June 28, 2011) and Defendant Cunningham replied (Doc. No. 87 [Cunningham's Reply], filed July 15, 2011).  Also before the court is "Defendant April D. Caldwell's Motion for Judgment on the Pleadings Pursuant to Fed. R. Civ. P. 12(c)" (Doc. No. 88 [Caldwell's Mot.], filed July 15, 2011), to which Plaintiff responded (Doc. No. 97 [Resp. Caldwell's Mot.], filed September 8, 2011) and Defendant

Caldwell replied (Doc. No. 101 [Caldwell's Reply], filed September 22, 2011).  The motions are

ripe for the court's recommendation.

## I.     STATEMENT OF THE CASE

The following facts are taken from Plaintiff's Complaint and the parties' submissions

with respect to this Recommendation.  Plaintiff alleges on January 5, 2010, while he was an

inmate at the Denver Receiving and Diagnostic Center (DRDC), he was exiting the "chow hall"

when an altercation broke out, and Plaintiff was attacked by another inmate.  (Compl. at 4, ¶¶

14.)  Plaintiff alleges his jaw was shattered and dislocated.  (*Id.*, ¶ 21.)  Plaintiff alleges he

received first aid in the DRDC infirmary and was later provided extensive reconstructive surgery

at Denver Health Medical Center (DHMC).  (*Id.*, ¶ 20.)  At some later time, Plaintiff was

transferred to Cheyenne Mountain Re-entry Center (CMRC), where he alleges he repeatedly

requested follow-up treatment ordered by DHMC.  (*Id.*, ¶ 28.)  Plaintiff contends that, with the

exception of one filling provided by Defendant Cunningham, Defendants Cunningham and

Caldwell have refused to provide further treatment.  (*Id.*, ¶¶ 29–30.)

Plaintiff alleges Defendants' inactions have caused permanent misalignment.  (*Id.*, ¶ 31.)

Plaintiff contends several of his teeth are decaying, his jaw frequently "attempts to seize," he

must sleep with a mouthpiece, and he will be "plagued with pain and continued regression of his

jaw's alignment."  (*Id.*)

In Claim III, Plaintiff alleges a claim under 42 U.S.C. § 1983 that Defendants

Cunningham and Caldwell violated his Eighth Amendment rights by failing to abide by the

orders of DHMC and failing to provide necessary medical care.  (*See id.* at 7.)  Plaintiff seeks

declaratory relief, injunctive relief, compensatory damages, and punitive damages.  (*Id.*, ¶¶ V.A,

V.G., V.H.)

Defendants Cunningham and Caldwell seek dismissal on the basis that Plaintiff has failed

to state an Eighth Amendment claim upon which relief can be granted.  (Cunningham's Mot. at

5–6; Caldwell's Mot. at 5–7.)

## II.    LEGAL STANDARDS

### A.     Pro Se *Plaintiff*

Plaintiff is proceeding *pro se.*  The court, therefore, "review[s] his pleadings and other

papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys."

*Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted).  *See also*

*Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (holding allegations of a *pro se* complaint "to

less stringent standards than formal pleadings drafted by lawyers").  However, a *pro se* litigant's

"conclusory allegations without supporting factual averments are insufficient to state a claim on

which relief can be based."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  A court may

not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has

violated laws in ways that a plaintiff has not alleged.  *Associated Gen. Contractors of Cal., Inc.*

*v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).  *See also Whitney v. New Mexico*,

113 F.3d 1170, 1173–74 (10th Cir. 1997) (court may not "supply additional factual allegations to

round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir.

1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any

discussion of those issues"). The plaintiff's *pro se* status does not entitle him to application of different rules. *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

**B.** **Failure to State a Claim Upon Which Relief Can Be Granted**

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6) (2007). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted).

"A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1198 (10th Cir. 1991). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pled facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The *Iqbal* evaluation requires two prongs of analysis. First, the court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusion, bare assertions, or merely conclusory. *Id.* at 1949–51. Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951. If the

4

allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id*. at 1950.

Notwithstanding, the court need not accept conclusory allegations without supporting factual averments. *Southern Disposal, Inc., v. Texas Waste Mgmt.*, 161 F.3d 1259, 1262 (10th Cir. 1998). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1940. Moreover, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. at 1949 (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Iqbal*,129 S. Ct. at 1949 (citation omitted).

### C.   *Judgment on the Pleadings*

A motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) is governed by the same standard of review applicable to a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Nelson v. State Farm Mut. Auto Ins. Co.*, 419 F.3d 1117, 1119 (10th Cir. 2005); *Shepard v. Applebee's Int'l, Inc*., Case No. 08-2416-KHV, 2010 WL 1418588, *1 (D. Kan. Apr.7, 2010) (*citing Atl. Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1160(10th Cir. 2000). Thus, a court must "accept all the well-pleaded factual allegations in the complaint as true and view them in the light most favorable to the nonmoving party." *Id.* (internal quotation marks and

citation omitted); *Ramirez v. Dep't of Corr.*, 222 F.3d 1238, 1241 (10th Cir. 2000).  "Judgment

on the pleadings should not be granted 'unless the moving party has clearly established that no

material issue of fact remains to be resolved and the party is entitled to judgment as a matter of

law.' "  *Park Univ. Enters., Inc. v. Am. Cas. Co.*, 442 F.3d 1239, 1244 (10th Cir. 2006) (quoting

*United States v. Any & All Radio Station Transmission Equip.*, 207 F.3d 458, 462 (8th Cir.

2000)).  Fed. R. Civ. P. 12(d) further provides that "[i]f, on a motion under Rule 12(b)(6) or

12(c), matters outside the pleadings are presented to and not excluded by the court, the motion

must be treated as one for summary judgment under Rule 56."  Hence, under Rule 12(c), a court

should consider only matters referred to or incorporated by reference in the pleadings or attached

to the answer or complaint.  *Park Univ. Enters., Inc.*, 442 F.3d at 1244; *GFF Corp. v. Associated

Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384–85 (10th Cir. 1997).  Pursuant to Rule 12(c), a

party may move for judgment on the pleadings after the pleadings are closed but early enough

not to delay trial.  Fed. R. Civ. P. 12(c).

## III.    ANALYSIS

### A.    Eighth Amendment Claim

The Eighth Amendment's ban on cruel and unusual punishment is violated if a

defendant's "deliberate indifference to serious medical needs of prisoners constitutes the

unnecessary and wanton infliction of pain."  *Self v. Crum*, 439 F.3d 1227, 1230 (10th Cir. 2006)

(quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)).  To establish a claim for deliberate

indifference, a plaintiff must first prove that, objectively, his medical need is "sufficiently

serious."  *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).  A medical need is sufficiently serious

"if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir. 1999) (citation omitted).  Second, the plaintiff must prove that, subjectively, the prison official "kn[ew] of and disregard[ed] an excessive risk to inmate health and safety."  *Farmer*, 511 U.S. at 837.  That is, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  *Id.*

Defendants argue that Plaintiff has failed to allege any facts that the defendants knew of and disregarded an excessive risk to Plaintiff's health or safety.  (Cunningham's Mot. at 5–6; Caldwell's Mot. at 6–7.)  To meet the subjective element of a deliberate indifference claim, plaintiff must show that the defendant had a "culpable state of mind" and knew of and disregarded "an excessive risk to inmate health or safety."  *Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005) (quoting *Farmer*, 511 U.S. at 837)).  "Deliberate indifference is 'something approaching a total unconcern for [the plaintiff's] welfare in the face of serious risks, or a conscious, culpable refusal to prevent harm."  *Dual v. Lane*, 959 F.2d 673, 577 (7th Cir. 1992).

As to Defendant Cunningham, Plaintiff's sole allegation is that he "refused to provide any further treatment" to Plaintiff.  (Compl., ¶ 29.)  As to Defendant Caldwell, Plaintiff's sole allegation is that she "refused to allow CMRC Medical to provide any further treatment."  (*Id.*, ¶ 30.)  However, the remainder of Plaintiff's Complaint makes no further factual allegations against these defendants.  Plaintiff's Complaint is devoid of any allegations that these defendants

knew of and disregarded an excessive risk to Plaintiff's health or safety or why their alleged failure to provide further treatment is the cause of his damages.

Thus, because the plaintiff has failed to satisfy the subjective component required to assert an Eighth Amendment deliberate indifference claim, Plaintiff's Eighth Amendment claim against Defendants Cunningham and Caldwell are properly dismissed.

WHEREFORE, for the foregoing reasons, the court respectfully

RECOMMENDS "Defendant Dentist Cunningham's Amended Motion to Dismiss" (Doc. No. 79) and "Defendant April D. Caldwell's Motion for Judgment on the Pleadings Pursuant to Fed. R. Civ. P. 12(c)" (Doc. No. 88) be GRANTED, and the claims against Defendants Cunningham and Caldwell be dismissed with prejudice.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's

proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule");  *One Parcel of Real Prop.*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 21st day of December, 2011.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge